# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2012

No. 11-20331
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES L. STRINGER,

Plaintiff-Appellant

v.

ED PETERS; BOBBY DELAUGHTER; CHARLES KNAUSS; CHARLES HEDGEPETH; HENRY CLAY, III; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1085

Before KING, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:[*]

Charles L. Stringer filed in district court a civil RICO complaint pursuant to 18 U.S.C. § 1961 et seq. against numerous defendants. The district court dismissed his complaint with prejudice citing "a variety of reasons, including res judicata and want of jurisdiction." The district court also denied Stringer's Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment and his motion to proceed in forma pauperis (IFP) on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stringer now seeks leave from this court to proceed IFP on appeal. His IFP motion is construed as a challenge to the district court's denial of leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *See id.*; FED. R. APP. P. 24(a)(2). To comply with the written-reasons requirement, it suffices that the district court incorporate by reference its decision dismissing the complaint on the merits. *See Baugh*, 117 F.3d at 202 n.21. In this case, the district court did not explain whether the denial of IFP was based upon a lack of good faith or Stringer's failure to show that he was indigent. However, the financial affidavit provided by Stringer in support of his IFP motion in the district court indicates that he is indigent, and the district court granted him leave to proceed IFP when he filed his complaint. The district court's denial of his IFP motion also did not provide any written reasons or reference the judgment of dismissal.

In the interests of judicial economy and prudence, we may meld the decisions regarding an IFP motion and the underlying appeal when appropriate. *See Baugh*, 117 F.3d at 202. In this case, the district court's judgment of dismissal with prejudice does not provide this court with sufficient information to permit reasoned consideration of any of the stated or inferred bases for that dismissal.

Accordingly, Stringer's motion for appointment of counsel is DENIED, his motion to proceed IFP on appeal is GRANTED, the district court's judgment of dismissal is VACATED, and the case is REMANDED for further consideration by the district court. In doing so, we do not express any opinion as to the underlying merits of Stringer's claims.